UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES MICHAEL CHARLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:16-cv-00280-TWP-DML |
| ) | |
| J. HOOD, ) | |
| *et al.* ) | |
| Defendants. ) | |

**Entry Granting Motion to Proceed In Forma Pauperis,
Dismissing Complaint, and Directing Further Proceedings**

**I.      Motion to Proceed *In Forma Pauperis***

The plaintiff's motion to proceed *in forma pauperis* [dkt. 3] is **granted** to the extent that the plaintiff is assessed an initial partial filing fee of Three Dollars and Sixty-Seven Cents ($3.67). He shall have **through March 11, 2016,** in which to pay this sum to the clerk of the district court.

**II.      Screening**

Plaintiff James Michael Charles, an inmate confined at the Pendleton Correctional Facility, brings this complaint pursuant to 42 U.S.C. § 1983. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted).

The complaint names four defendants: 1) J. Hood; 2) Duanne Alsip; 3) Lt. Shaver; and 4) C. Meyers. Mr. Charles seeks compensatory damages of $40,000.00 and injunctive relief (in the form of reassigning Mr. Alsip to a different position, lowering Lt. Shaver's rank, reducing the amount of money Mr. Charles is obligated to pay for the destruction of property, and releasing Mr. Charles from prison or moving him to a state hospital).

Mr. Charles alleges that on September 24, 2015, Lt. Shaver and another officer escorted him from one range to a cell in another range. When his cell was searched by maintenance they did not fill out an inspection sheet. He further alleges that he did not have a fair hearing. Specifically, he asserts that J. Hood lied in a witness statement he provided and C. Meyers lied in a write up. Mr. Charles was ordered to pay money for property that he admittedly destroyed and his November 2015 state pay was not given to him. Mr. Charles was moved to a different cell so that he could no longer destroy property. He alleges that "other people are still breaking stuff and they are not fixing a room for them." Complaint, dkt. 2, pg. 4. Mr. Charles states that "Central Office has this write-up. Look it over please and thank you. Case # IRT 15-09-0038." Complaint, dkt. 2, p. 4.

Although it is difficult to discern his claims, it appears that Mr. Charles is challenging events surrounding a disciplinary proceeding. If Mr. Charles suffered a grievous loss in a disciplinary proceeding, his claims that any defendant participated in writing or enforcing a false conduct report in a disciplinary proceeding are barred unless and until they are overturned. "*Heck [v. Humphrey,* 512 U.S. 477 (1994)], bars any suit for damages premised on a violation of civil rights if the basis for the suit is inconsistent with or would undermine the constitutionality of a

conviction or sentence." *Wiley v. City of Chicago,* 361 F.3d 994, 996 (7th Cir. 2004). This same rule applies to "convictions" incurred in prison disciplinary proceedings. *See Edwards v. Balisok,* 520 U.S. 641 (1997) (a claim for damages that would call into question the validity of a prison disciplinary finding is barred); *Walker v. Taylorville Correctional Ctr.,* 129 F.3d 410, 413 (7th Cir. 1997); *Lusz v. Scott,* 126 F.3d 1018, 1021 (7th Cir. 1997). Mr. Charles has not alleged that his disciplinary conviction was overturned or otherwise invalidated and so any due process claims against the defendants based on the conviction must be **dismissed without prejudice** as premature.

If Mr. Charles was not sanctioned with a grievous loss (a loss of earned credit time or demotion in credit class), in order to state a due process claim, he must allege the existence of a protected liberty interest. Mr. Charles alleges that he was sanctioned with a restitution order and moved to a different cell. These types of sanction do not create an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Therefore, any due process claims against the defendants based on the disciplinary conviction are **dismissed without prejudice** on this basis as well.

As part of his claim for relief, Mr. Charles seeks release from prison. He cannot obtain that relief through a civil rights action. A civil rights action can be the appropriate vehicle to seek monetary damages, but a writ of habeas corpus is the exclusive remedy to challenge the fact or duration of confinement and the Court is not at liberty to convert any portion of an action to a claim for habeas corpus relief. *Moore v. Pemberton,* 110 F.3d 22 (7th Cir. 1997); *Copus v. City of Edgerton,* 96 F.3d 1038 (7th Cir. 1996). Accordingly, to the extent that Mr. Charles seeks release from prison, such a claim must be **dismissed without prejudice.**

"[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). For the above reasons, the complaint fails to state a claim upon which relief can be granted as a matter of law and is therefore **dismissed pursuant to 28 U.S.C. §1915A**.

### IV.  Further Proceedings

Mr. Charles shall have **through March 11, 2016,** in which to **show cause** why this action should not be dismissed for failure to state a claim upon which relief can be granted. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (plaintiffs should be given at least an opportunity to amend or to respond to an order to show cause before a case is "tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Mr. Charles fails to show cause why this action should not be dismissed or seek leave to amend his complaint, the action will be dismissed for the reasons set forth in this Entry.

**IT IS SO ORDERED.**

Date:  2/10/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAMES MICHAEL CHARLES
179240
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only